Barquet Hermanos, demandante y apelada, *v.* El Tesorero de Puerto Rico, demandado y apelante.

No. 4358.—*Sometido:* Noviembre 27, 1928. *Resuelto:* Junio 7, 1929.

*Hon. Attorney General George C. Butte, C. Llauger* y *Arturo Ortiz Toro, Sub-Procuradores,* abogados del apelante; *López de Tord & Zayas Pizarro,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La mercantil Barquet Hermanos entabló un pleito para recobrar contribuciones pagadas bajo protesta, y obtuvo sentencia a su favor. La teoría de la demanda era que la demandante tenía derecho a deducir de sus ingresos sujetos a tributación las cuentas que eran totalmente incobrables o que carecían de valor. Puede decirse que uno de los principales fundamentos en que se basó el Gobierno para oponerse a la rebaja, fué que las deducciones alegadas debían eliminarse dentro del año contributivo, a tenor de lo que exigía la ley en vigor al tiempo en que se trataba de cobrar la contribución, a saber, para el año 1921–1922. La ley de 1921, página 323, dice lo siguiente con respecto a las partidas que pueden deducirse:

"(5) Débitos cuya nulidad se haya determinado y cuyo importe se haya acreditado y eliminado de los libros durante el año contributivo."

. El texto inglés lee como sigue:

"Debts ascertained to be worthless the amount of which has been charged off, credited and taken off the books during the taxable year."

El apelante llama la atención hacia el hecho de que la ley de contribuciones cobre ingresos de Puerto Rico es una ramificación del estatuto federal, y de que la interpretación dádale es la misma o similar a la impartida a ella por las autoridades federales, incluyendo los funcionarios de la Tesorería de los Estados Unidos. El Procurador General hace varias citas que hallamos innecesario repetir. Creemos que es perfectamente claro que las deducciones deben acreditarse dentro del año contributivo, y deducirse en los libros del contribuyente, si los lleva. La demandante era una mercantil, y estaba obligada a llevar libros de contabilidad, y en realidad los llevaba, aunque se admite o concede que de modo imperfecto. En otras palabras, una de las principales cuestiones dilucidadas en este caso fué que las cuentas a

cobrar nunca ingresaron en el libro mayor de la demandante, sino que se llevaban en un libro auxiliar. La teoría de la corte y de la apelada es que al finalizar cada año la demandante revisaba sus libros y efectuaba una liquidación, en la que se deducían las cuentas incobrables de su activo o de su balance general. Sin embargo, no hemos podido hallar en los autos ningún paso específico mediante el cual la mercantil demandante eliminara o dedujera tales débitos incobrables. La evidencia revela que todas las cuentas a cobrar de la demandante constaban en el libro auxiliar arriba mencionado como obligaciones pendientes durante el año 1921-1922, no haciéndose en él distinción alguna entre las cuentas consideradas como cobrables y las estimadas como incobrables por la demandante. No había registro especial alguno para cuentas incobrables o dudosas, y en realidad no se efectuó ningún asiento para demostrar su condición de tales. Nos sentimos obligados a resolver que si bien la demandante podía rebajar partidas deducibles en un año posterior, no podía deducirlas para el año fiscal 1921-1922, porque no se hicieron las eliminaciones que la ley exige; en otras palabras, la demandante no dedujo específicamente las partidas incobrables. Esta es la médula del caso, y es innecesario que consideremos algunos de los errores señalados por el apelante. No importa que el perito de la demandante, Sr. Díaz Brink, dijera que el sistema de contabilidad usado permitiría a la mercantil determinar su activo y pasivo. No nos ha sido posible hallar que aún en su libro subsidiario la demandante hiciera deducciones de las cantidades que equivalieran a las deducciones exigidas específicamente por el estatuto.

Por otra parte, el demandado ofreció evidencia de tres o cuatro personas, de entre un vasto número, que tenían cuentas, quienes prestaron declaración tendente a demostrar que sus cuentas habían sido pagadas a la demandante en una u otra forma, o que no eran insolventes. La teoría del Gobierno fué que la demandante había dejado de establecer con

708

éxito un caso de cuentas incobrables. Aparte de este argumento la apelada contesta que aun si las cuentas se hubieran satisfecho, todavía podrían ser deducidas de los libros, habiendo dejado de ser cuentas por cobrar. Parécenos que este argumento envuelve una falacia. Todo era cuestión de contabilidad, y si los débitos fueron pagados en cualquier forma, en mercancía directa o indirectamente, debieron efectuarse los abonos apropiados. Si las cuentas habían sido pagadas, constituían beneficios recibidos por la mercantil, y, por ende, bajo ningún conceptos eran deducibles. Los objetos recibidos en pago eran ingresos.

Con todos estos hechos a la vista, no hemos quedado satisfechos de que la demandante estableciera un caso de cuentas deducibles.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda.*